## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

EMANUEL HOWARD                             CIVIL ACTION

VERSUS                                   NO. 18-570-SDD-EWD

DARRELL VANNOY, ET AL.

## ORDER

This matter is before the Court on the *Response to the Judgment of December 20, 2018* filed by Plaintiff, Emanuel Howard on January 9, 2019.[1]   The Court previously entered a *Ruling*[2] granting the Defendants' Rule 12(b)(1) and 12(b)(6) *Motion to Dismiss*[3] for Plaintiff's failure to submit an *Opposition* within the time limits set forth by Local Rule 7(f) and also because the Court found that the motion had merit.  Following the orders in the Court's *Ruling*, Plaintiff filed the aforementioned *Response* and a *Memorandum in Opposition*[4] to Defendants' original Motion.

First, the explanation by Plaintiff's counsel for the failure to timely file an opposition demonstrates counsel's lack of familiarity with the local rules of the Middle District of Louisiana and misinterpretation of the docket sheet.  Plaintiff claims: "On October 25, 2018, this Honorable Court issued a Notice to Counsel advising that the Status Conference … was cancelled.  Further, this Honorable Court advised that it would take

---

[1] Rec. Doc. No. 15.
[2] Rec. Doc. No. 11.
[3] Rec. Doc. No. 7.
[4] Rec. Doc. No. 15.
Document Number: 67400                                   1

up the arguments advanced [b]y Defendants within 90 days of October 25, 2018."[5]  To the extent Plaintiff's counsel contends this Court advised that it would rule on Defendants' Motion to Dismiss within 90 days of October 25, 2018, that is an incorrect interpretation of the Magistrate Judge's docket entry.  The Magistrate Judge advised that, since Defendants had filed a Motion to Dismiss, the Status Conference was cancelled, and the Magistrate Judge would "review this matter in 90 days," *i.e.*, revisit the need for a Status Conference.[6]

Next, counsel claims that "no notice was issued by the Clerk of Court showing that the motion was referred to this Honorable Court for consideration.  With that, Plaintiff was unsure if the Defendants' motion was actually accepted by the Clerk and this Honorable Court."  Counsel's "understanding" is not the procedure employed by the Middle District of Louisiana.  Once Defendants' motion was filed and docketed, the motion was properly before the district judge and, pursuant to the Local Rules of the Middle District, Plaintiff had 21 days to file an Opposition to the motion or seek an extension of that deadline.  To the extent this Section of the Court previously issued briefing notices, such notices were done as a courtesy.  Plaintiff, like any other party in any other matter, remains bound to know and follow the Local Rules of this Court when practicing herein.

Nevertheless, the Court does not view counsel's misunderstanding as bad faith, considering that Plaintiff filed the appropriate response and opposition memorandum within the time period allowed by the Court.  Thus, the Court will consider the *12(B)(1)*

---

[5] Rec. Doc. No. 14, ¶ 3.
[6] Rec. Doc. No. 10.
Document Number: 67400                                                                    2

*and 12(B)(6) Motion to Dismiss*[7] filed by Defendants, Warden Darrell Vannoy and the Louisiana Department of Corrections, along with Plaintiff's *Opposition*.[8] However, dismissal remains warranted based on the merits in this matter.  Plaintiff conceded dismissal of his 42 U.S.C. § 1983 claims against the Louisiana Department of Corrections and Warden Vannoy, in his official capacity.[9]  Thus, the only remaining claims are the Section 1983 claims asserted against Warden Vannoy in his individual capacity.

## I.    FACTUAL BACKGROUND

During the relevant time period, Plaintiff alleges that he was confined as an inmate at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana, specifically in the Hickory 3 dormitory.[10]  Plaintiff further alleges that, on March 25, 2017, another Hickory 3 inmate heated a liquid substance in the dorm microwave and poured the heated liquid onto Plaintiff, which resulted in a physical altercation between Plaintiff and this other inmate, and from which Plaintiff sustained injuries.[11] Plaintiff claims he was injured because Defendants failed to staff Hickory 3 with the appropriate number of corrections officers and failed to promulgate rules restricting inmate access to, and use of, the microwave located in Hickory 3.[12]

Pursuant to Plaintiff's concessions in his *Opposition*, the only viable claims are those Eighth Amendment constitutional claims asserted against Warden Vannoy, in his

---

[7] Rec. Doc. 13.
[8] Rec. Doc. No. 15.
[9] Rec. Doc. No. 15, p. 6.
[10] Rec. Doc. No. 1, ¶ 10.
[11] *Id*. at ¶¶ 10-16.
[12] *Id*. at ¶¶ 17-20.

individual capacity, for subjecting Plaintiff him to cruel and unusual punishment by failing to adopt policies/procedures to protect inmates from improper microwave use in the dorms and failing to staff Hickory 3 with the appropriate number of officers to protect Plaintiff from the injuries sustained.  Warden Vannoy asserted the affirmative defense of qualified immunity; Plaintiff bears the burden of demonstrating that his pleadings have overcome this defense at the Rule 12(b)(6) stage.  Plaintiff has failed to carry this burden.

## II.    LAW & ANALYSIS

### A.  Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[13]  The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[14]  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[15]  In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation

---

[13] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[14] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[15] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).

of the elements of a cause of action will not do."[16]   A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[17]  However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18]  In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[19]   "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[20]  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[21]

### B.  Qualified Immunity

In *Harlow v. Fitzgerald*, the United States Supreme Court established the principle that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[22] "When a defendant invokes qualified immunity, the burden shifts to the plaintiff to

---

[16]  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
[17]  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[18]  *Twombly*, 550 U.S. at 570.
[19]  *Iqbal*, 556 U.S. at 678.
[20]  *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[21]  *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[22]  457 U.S. 800, 818 (1982).

demonstrate the inapplicability of the defense."[23]

A claim of qualified immunity requires the Court to engage in the well-established two-step analysis developed by the Supreme Court in *Saucier v. Katz*.[24]  As stated by the Fifth Circuit in the context of a motion for summary judgment:

> First, we determine whether, viewing the summary judgment evidence in the light most favorable to the plaintiff, the defendant violated the plaintiff's constitutional rights. *See, e.g., Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005); *McClendon v. City of Columbia*, 305 F.3d 314, 322–23 (5th Cir.2002) (*en banc*); *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001). If not, our analysis ends. If so, we next consider whether the defendant's actions were objectively unreasonable in light of clearly established law at the time of the conduct in question. *See, e.g., Tarver*, 410 F.3d at 750; *Glenn*, 242 F.3d at 312. To make this determination, the court applies an objective standard based on the viewpoint of a reasonable official in light of the information then available to the defendant and the law that was clearly established at the time of the defendant's actions. *See Glenn*, 242 F.3d at 312; *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000); *see also Tarver*, 410 F.3d at 750 ("If officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, the officer's qualified immunity remains intact.").[25]

When the defense of qualified immunity is raised in a Rule 12(b)(6) motion, "it is the defendant's conduct as alleged in the complaint that is scrutinized for 'objective legal reasonableness'."[26]  The plaintiff must support his claim with "sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts."[27]  When greater detail is required to address the defense of

---

[23] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (*en banc*)).

[24] 533 U.S. 194 (2001), *overruled in part by Pearson v. Callahan*, 555 U.S. 229 (2009). *See Lytle v. Bexar County, Tex.*, 560 F.3d 404, 409 (5th Cir. 2009).

[25] *Freeman v. Gore*, 483 F.3d 404, 410–11 (5th Cir. 2007).

[26] *McClendon*, 305 F.3d at 323 (quoting *Behrens v. Pelletier*, 516 U.S. 299 (1996)).

[27] *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995) (*en banc*).

qualified immunity, the Court may insist that a plaintiff file a reply pursuant to Federal Rule of Civil Procedure 7(a) tailored to an answer pleading the defense of qualified immunity.[28] "The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts."[29]

### C.  Analysis

Plaintiff's allegations fail for a number of reasons.  First, Warden Vannoy is correct that he may only be liable to Plaintiff under Section 1983 if he was personally involved in the conduct allegedly causing the constitutional violation, or if there exists a causal connection between Warden Vannoy's conduct and the alleged constitutional violation. The Fifth Circuit has held that, in a claim asserted under Section 1983, "[a] plaintiff must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation."[30] It is undisputed that Plaintiff has not alleged personal involvement in the microwave incident on the part of Warden Vannoy.

Next, Plaintiff fails to demonstrate the violation of a clearly established statutory or constitutional right of which a reasonable person would have known regarding the placement of a microwave, without a use policy or greater supervision, in a prison

---

[28] *Id*. at 1433–34.
[29] *Id*.
[30] *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008)(citing *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999)).

dormitory.  Plaintiff argues that his constitutional right to be free from cruel and unusual punishment includes:

> the right to not be placed in a situation where an item placed within a prison dormitory by prison officials would not be used in a manner so as to cause severe harm.  Prison officials should reasonably know that the item at issue (a microwave oven) in its normal and ordinary operation can be used to cause great bodily harm if there are no rules or limits placed on the use of that item.  This right is particularized, and the facts alleged in this matter establish a violation of this constitutional right.[31]

Plaintiff somewhat undermines his own argument, stating:

> Although the Plaintiff acknowledges that the Louisiana Department of Corrections and Warden Vannoy have taken effort to keep harmful items out of the hands of inmates, the Plaintiff contends that these efforts were diminished with the discretionary placement of a microwave oven inside of the dormitory of the inmates without established rules for its usage.[32]

The Court must determine whether the allegedly violated constitutional right was clearly established within the particular context of the case.[33]  The Court acknowledges that whether a right is clearly established does not mean that a plaintiff must cite "a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate."[34]  Although Plaintiff need not cite a case specific to microwaves, Plaintiff fails to direct the Court to any precedent whatsoever demonstrating that it is clearly established that the placement of a similar appliance or item in a prison dormitory, without rules for use, violates the Eighth Amendment, such that any reasonable corrections officer would know of the alleged risk.

---

[31] Rec. Doc. No. 15, p. 3.
[32] *Id.* at p. 4.
[33] *Saucier v. Katz*, 533 U.S. at 201.
[34] *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Additionally, with respect to supervisory liability, Plaintiff has not alleged any previous incidents regarding microwave or appliance usage in the dormitories which would have alerted Warden Vannoy to the risk alleged herein.[35]  If such incidents existed, Plaintiff would similarly have to allege facts supporting the inference that Warden Vannoy had notice of these incidents and the accompanying risk but was deliberately indifferent to the known risk.  No such allegations are made.

Finally, even if Plaintiff could establish the violation of a constitutional right, Plaintiff has utterly failed to overcome Warden Vannoy's assertion of qualified immunity.  Plaintiff cites general case law on the doctrine but fails to direct the Court to any jurisprudence whatsoever that would undermine the application of the defense of qualified immunity under similar facts.  Once asserted, it is Plaintiff's burden to demonstrate why the Defendant is not entitled to the defense.[36]  Plaintiff has simply not done so here.

---

[35] The same is true regarding the speculative alleged lack of appropriate staffing.

[36] "Where a public official invokes qualified immunity as a defense to a civil action against him, the plaintiff has the burden of establishing a constitutional violation and overcoming the defense." *Carney v. New Orleans City*, 468 F.Supp.3d 751, 759 (E.D. La. 2020)(citing *Jackson v. Texas*, 959 F.3d 194, 201 (5th Cir. 2020) (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (*en banc*))).  "A court must determine that a plaintiff's pleadings 'assert facts which, if true, would overcome the defense of qualified immunity.'" *Id.* at 760 (quoting *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014).  "A plaintiff seeking to overcome qualified immunity 'must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity.'"  *Id.* (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)).

### III. CONCLUSION

Accordingly, because leave to amend is futile in the Court's view, the Court's previous *Ruling*[37] granting the Defendants' Rule 12(b)(1) and 12(b)(6) *Motion to Dismiss*[38] shall stand, as supplemented by this *Order*.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED**.

Baton Rouge, Louisiana, this 21st day of May, 2021.

_Shelly D. Dick_

**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[37] Rec. Doc. No. 11.
[38] Rec. Doc. No. 7.
Document Number: 67400